NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANGELA PIZZARELLI,<br><br>Petitioner,<br><br>v.<br><br>WILLIAM ANDERSON, et al.,<br><br>Respondents. | Civil Action No. 17-2903-BRM<br><br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is Petitioner Angela Pizzarelli's ("Petitioner") writ of habeas corpus ("Petition") brought pursuant to 28 U.S.C. § 2254. (ECF No. 1.) On June 19, 2017, this Court entered an Order directing Petitioner to show cause why her Petition should not be dismissed with prejudice as untimely. (ECF No. 2.) On August 17, 2017, Petitioner filed a response to that Order. (ECF No. 5.) For the reasons set forth below, Petitioner's Petition is **DISMISSED WITH PREJUDICE** as time barred.

I. **BACKGROUND**

Because Petitioner's Petition is untimely for the reasons set forth below, only a brief recitation of the procedural history of this matter is necessary to provide context to this Court's opinion. As this Court explained in its Order to Show Cause, Petitioner was sentenced in the Superior Court of New Jersey on May 15, 2009, for crimes including armed robbery and felony murder. (ECF No. 1 at 2.) Petitioner appealed and the Appellate Division of the New Jersey Superior Court affirmed her conviction on March 1, 2012. (*Id.* at 3.) On June 28, 2012, the New Jersey Supreme Court denied her petition for certification. (*Id.*) Because Petitioner did not file a

petition for certiorari, her conviction became final for habeas purposes ninety days later on September 26, 2012. (*See* ECF No. 2 at 2).

Sixty-four days after the habeas statute of limitations passed, Petitioner filed her first petition for post-conviction relief ("PCR") in state court on November 29, 2012. (ECF No. 1 at 3.) That petition was denied on November 21, 2013, and Petitioner appealed. (*Id.*) The Appellate Division affirmed the denial on May 13, 2015. *See State v. Pizzarelli*, No. A-2960-13T2, 2015 WL 2212136 (N.J. Super. Ct. App. Div. May 13, 2015). On October 9, 2015, the New Jersey Supreme Court denied her petition for certification. *State v. Pizzarelli*, 223 N.J. 281 (2015).

While Petitioner's appeal was pending, she filed a second petition for PCR on November 5, 2014. (ECF No. 5 at 2.) That petition was dismissed without prejudice on June 18, 2015, because her first PCR appeal was still pending in the appellate court. (*Id.*) Petitioner thereafter "neglected to re-file the second PCR application once her appeal from the first PCR application was decided." (*Id.*)

## II. LEGAL STANDARD

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, applicable to § 2241 through Rule 1(b), the Court is required to screen the Petition and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Under this Rule, the Court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994). Under 28 U.S.C. § 2254(a), the district court "shall entertain an application for a writ of habeas corpus [o]n behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." A habeas petitioner has the burden of establishing his entitlement to relief for each claim presented in his petition based upon

2

the record that was before the state court. *See Eley v. Erickson*, 712 F.3d 837, 846 (3d Cir. 2013); *see also Parker v. Matthews*, 132 S. Ct. 2148, 2151 (2012). Under the statute, as amended by the Anti-Terrorism and Effective Death Penalty Act, 28 U.S.C. § 2244 ("AEDPA"), district courts are required to give great deference to the determinations of the state trial and appellate courts. *See Renico v. Lett*, 559 U.S. 766, 772-73 (2010).

Where a claim has been adjudicated on the merits by the state courts, the district court shall not grant an application for a writ of habeas corpus unless the state court adjudication

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2). Federal law is clearly established for these purposes where it is clearly expressed in "only the holdings, as opposed to the dicta" of the opinions of the United States Supreme Court. *See Woods v. Donald*, 125 S. Ct. 1372, 1376 (2015). "When reviewing state criminal convictions on collateral review, federal judges are required to afford state courts due respect by overturning their decisions only when there could be no reasonable dispute that they were wrong." *Id.* Where a petitioner challenges an allegedly erroneous factual determination of the state courts, "a determination of a factual issue made by a State court shall be presumed to be correct [and the] applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

### III. DECISION

As this Court explained in the Order to Show Cause, a petition for writ of habeas corpus brought pursuant to § 2254 is subject to a one-year statute of limitations. *See Figueroa v. Buechele*,

3

No. 15-1200, 2015 WL 1403829, at *2 (D.N.J. Mar. 25, 2015). The statute of limitations begins to run from the latest of four possible dates: (1) the date on which the petitioner's conviction became final with the conclusion of direct review or when the time for seeking such review passed (including the ninety day period for the filing of a petition for certiorari), *see Kapral v. United States*, 166 F. 3d 565, 577 (3d Cir. 1999); (2) the date on which an impediment to the filing of a habeas petition created by state action in violation of the Constitution; (3) the date on which a new constitutional right was first recognized by the Supreme Court where that right has been made retroactive to cases on collateral review; or (4) the date on which the factual predicate for the petitioner's claims first became available through reasonable diligence. *See* 28 U.S.C. § 2244(d)(1). The default rule is that the limitations period runs from the date the petitioner's conviction became final, and the other rules will only apply where a relevant claim has been established. *Id.*

In her response to the Order to Show Cause, Petitioner argues this Court should not run the one-year limitations period from the date her conviction became final, but should instead give her the benefit of some unspecified later date because she believes the prison law library in her prison was inadequate. (ECF No. 5 at 3-7.) Petitioner argues the library in her facility was inadequate because she "had little or no knowledge of federal habeas procedure," the "prison paralegals failed to or did not adequately explain [to her] the intricacies of habeas procedure," and Petitioner "knew nothing about what books (if any) in the prison law library contained the habeas statutes." (ECF No. 5 at 6.) Petitioner does not allege the prison library did not contain federal materials, such as materials related to habeas corpus procedures and the one year limitations period, only that *she* did not know what books would contain that material and that the prisoners who acted as paralegals did not explain the limitations period to her. (*Id.* at 6-7.)

4

Petitioner essentially argues the allegedly inadequate library at her facility is a state created impediment which would warrant a later running date of the statute of limitations in this matter. Section 2244(d)(1)(B) provides that where the state creates an impediment to the filing of a petitioner's habeas petition in violation of the Constitution or laws of the United States, that petitioner's habeas limitations period may run from the date on which the impediment in question was removed. The Court of Appeals for the Third Circuit has not yet precisely defined what constitutes an "impediment to filing" sufficient to provide for a later running date of the § 2254 limitations period. *See, e.g., Pabon v. S.C.I. Mahanoy*, 654 F.3d 385, 404 (3d Cir. 2011); *see also Darden v. Sobina*, 477 F. App'x 912, 916 n.8 (3d Cir. 2012). Other circuit courts, however, have defined the statutory provision to require a petitioner to show that the state acted in such a way that it both violated the Constitution or federal law and prevented the petitioner from filing his petition such that there is a causal connection between the state's action and the petitioner's failure to file her petition in a timely fashion. *See, e.g., Johnson v. Fla. Dep't of Corr.*, 513 F.3d 1328, 1332-33 (11th Cir. 2008); *Bryant v. Arizona Att'y Gen.*, 499 F.3d 1056, 1060 (9th Cir. 2006).

Petitioner argues the library problems at her facility amount to an impediment, which should provide her an unspecified later start date of her limitations period, relying in large part on the Fifth Circuit's decision in *Egerton v. Cockrell*, 334 F.3d 433 (5th Cir. 2003). In *Egerton*, the Fifth Circuit held that, under certain circumstances, an inadequate prison library may qualify as an impediment to filing a timely petition for a writ of habeas corpus. 334 F.3d at 439. The petitioner in *Egerton* had been convicted and sentenced just prior to the adoption of the AEDPA statute of limitations for habeas petitions, which went into effect on April 24, 1996. *Id.* at 436. As he was convicted before the effective date of the statute, that petitioner's limitations period began to run as of the effective date of AEDPA, and expired a year later on April 24, 1997. The prison in which

the *Egerton* petitioner was housed, however, did not receive a copy of AEDPA or information regarding its one year limitations period until *after* April 24, 1997, and the *Egerton* petitioner filed his petition upon becoming aware of the one-year limitations period when those materials became available upon his transfer to a new facility. *Id.* at 435, 438-39. Based on these facts, and the Supreme Court's decisions in *Bounds v. Smith*, 430 U.S. 817 (1977), and *Lewis v. Casey*, 518 U.S. 343 (1996), which established that a constitutional violation may occur when the state fails to provide an adequate legal library containing federal materials and the inadequacy of the law library causes a prisoner to lose a legal right, the Fifth Circuit determined the state's failure to provide habeas information in a prison law library may serve as an "impediment" sufficient to warrant a later start date of the limitations period where the inadequacy of the library actually prevented the petitioner from filing his petition in a timely fashion. *Id.* at 438-39.

Since *Egerton*, however, many courts, including the Fifth Circuit, have declined to extend *Egerton's* holding, and have instead limited *Egerton* to its unique, and unlikely to recur, factual situation. *See, e.g., Krause v. Thaler*, 637 F.3d 558, 560-62 (5th Cir. 2011) (distinguishing *Egerton* and requiring a petitioner to specifically show how a lack of adequate library facilities "actually *prevented* [the petitioner] from timely filing his habeas petition" to merit consideration of a later running date for the AEDPA limitations period); *Madden v. Thaler*, 521 F. App'x 316, (5th Cir. 2013) (distinguishing *Egerton* and noting *Egerton* involved a complete lack of access to habeas related materials throughout the one-year limitations period); *Dufrene v. Ramos*, No. 16-13822, 2016 WL 6311122, at *3-5 (E.D. La. Oct. 6, 2016) (distinguishing *Egerton* and noting that courts have limited *Egerton* to the unusual and "egregious" factual background of that case), *report and recommendations adopted*, 2016 WL 6276893 (E.D. La. Oct. 27, 2016); *Spencer v. Magrady*, No. 10-703, 2011 WL 673738, at *3-4 (E.D. Pa. Feb. 16, 2011) (distinguishing *Egerton*). Thus, to the

extent *Egerton* provides persuasive precedent in this matter, that precedent must be limited to situations in which the petitioner had no access to habeas materials and that the lack of access actually prevented the timely finding of her habeas petition. That is simply not the case here.

In *Egerton*, the Fifth Circuit recognized an "impediment" where the petitioner had shown he was denied access to a library containing information on a newly adopted limitations period, which had been inapplicable at the time of his conviction and of which he was wholly and completely ignorant. Petitioner makes no such showing. Unlike *Egerton*, Petitioner was convicted in 2009, approximately thirteen years after the AEDPA limitations period went into effect. Likewise, while Petitioner asserts the library in her facility was insufficient, she does not state the library did not have volumes on AEDPA, habeas rules, or the like, instead she merely states she "knew nothing about what books (if any) in the prison law library contained the habeas statutes." (ECF No. 5 at 7.) Petitioner, in so stating, effectively admits the library may have contained habeas materials, and fails in any way to assert, let alone show, such materials were not present. She merely asserts her ignorance of their presence and her opinion that the local paralegals were not helpful in this regard.

An additional problem for Petitioner's ability to liken her case to *Egerton* arises out of the fact that she used a form habeas petition to file this matter. (*See* ECF No. 1.) That form petition actually contains an entire section titled, "TIMELINESS OF PETITION," which directly informs Petitioner that habeas petitions are subject to a one-year limitations period and in a footnote sets forth the relevant statutory text. (*Id.* at 13-14.) Indeed, Petitioner presented information as to the timeliness of her petition in that section of her original Petition in this matter. Even if the *Egerton* rule does apply, the *Egerton* court specifically noted that no impediment would exist if, even in the absence of a proper law library, the petitioner was actually aware of the AEDPA limitations

period. *See* 334 F.3d at 437-38. Petitioner having access to the form petition, while not dispositive, certainly suggests information regarding the limitations period was available at Petitioner's facility and therefore undercuts her argument that she should be provided a later filing date.

Ultimately, Petitioner fails to show either that the library at her facility was inadequate or that she was actually prevented from timely filing due to that inadequacy. Based on the information Petitioner provided, all she has shown is that she did not know how to use the prison library and that her Petition was untimely because she failed to stay abreast of the status of her petition for certification, and instead merely waited for notice. (*See* ECF No. 1 at 13-14; ECF No. 5 at 5-7.) Petitioner has therefore, at best, provided evidence of excusable neglect, rather than any unconstitutional state created impediment, and her statute of limitations can therefore run from only one date – the date on which her conviction became final.

As explained in the Order to Show Cause, Petitioner's direct appeal concluded with the denial of certification by the New Jersey Supreme Court on June 28, 2012, and her statute of limitations began to run ninety days later on September 26, 2012. *See, e.g., Ross v. Varano*, 712 F.3d 784, 798 (3d Cir. 2013). Because the one-year AEDPA limitations period is subject to statutory tolling while a properly filed state PCR application is pending, *see Pace v. DiGuglielmo*, 544 U.S. 408, 410 (2005), Petitioner's statute of limitations was statutorily tolled upon her filing of her first state PCR. At best, Petitioner's PCR remained pending until the New Jersey Supreme Court denied certification as to her PCR on October 5, 2015.[1] *Pizzarelli*, 122 A.3d at 991.

---

[1] In her response to the Order to Show Cause, Petitioner states her PCR was denied by the PCR trial court on November 21, 2013. However, she did not file her notice of appeal from that order until March 3, 2014. As such, her PCR was not "pending" before the state courts for the period between January 5, 2014, when her time for filing a timely notice of appeal expired, and March 3, 2014, when she filed her notice of appeal. *See* N.J. Ct. R. 2:4-1(a) (petitioner has forty-five days to file an appeal from a final trial court ruling); *see also Swartz v. Meyers*, 204 F.3d 417, 423 n.6 (3d Cir. 2000); *Bilal v. Att'y Gen. of N.J.*, No. 15-1765, 2017 WL 1243143, at *2 (D.N.J. Feb. 10,

Petitioner's limitations period thereafter resumed running, and, absent equitable tolling, expired on August 5, 2016. (*See* ECF No. 2 at 3.) Thus, absent equitable tolling, Petitioner's current petition, first filed on March 30, 2017, is time barred by approximately eight months.

Petitioner's Petition would therefore be timely only if she can establish her entitlement to at least eight months of equitable tolling. Equitable tolling "is a remedy which should be invoked 'only sparingly.'" *United States v. Bass*, 268 F. App'x 196, 199 (3d Cir. 2008) (quoting *United States v. Midgley*, 142 F.3d 174, 179 (3d Cir. 1998)). To receive the benefit of equitable tolling, a petitioner must show "(1) that he faced 'extraordinary circumstances that stood in the way of timely filing,' and (2) that he exercised reasonable diligence." *United States v. Johnson*, 590 F. App'x 176, 179 (3d Cir. 2014) (quoting *Pabon v. Mahanoy*, 654 F.3d 385, 399 (3d Cir. 2011)). Excusable neglect is insufficient to warrant equitable tolling. *United States v. Thomas*, 713 F.3d 165, 174 (3d Cir. 2013). A showing of mere excusable neglect is insufficient to warrant equitable tolling, *see United States v. Thomas*, 713 F.3d 165, 174 (3d Cir. 2013), and a petitioner must establish that she acted diligently not only at the time she filed her petition, but also throughout the entire limitations period including any periods of statutory tolling. *See LaCava v. Kyler*, 398 F.3d 271, 277 (3d Cir. 2005).

In her response to the Order to Show Cause, Petitioner presents two arguments for equitable tolling: (1) she reiterates her argument that the allegedly inadequate law library at her facility prevented her from filing sooner; and (2) she repeats her argument, which this Court previously

---

2017). Therefore, her Petition is likely time barred by approximately ten months, although the Court for the purposes of this opinion need not consider those two extra months to find this Petition untimely. Likewise, although Petitioner states she filed a second PCR, that petition was pending only between its filing in November 2014 and its dismissal in June 2015. Accordingly, even if it were deemed "properly filed," it provides no basis for further tolling as that entire period was already tolled by Petitioner's first PCR petition.

9

rejected, that her late filing was caused by her "awaiting word on the outcome" of her PCR appeal, which she didn't receive until this Court issued its Order to Show Cause, despite the fact that her PCR appeal had ended nearly eighteen months earlier. For the reasons expressed above, Petitioner has failed to establish she actually faced an inadequate library, instead showing only that she does not know whether the library contains material on the AEDPA and its limitations period. Therefore, she has not shown the library itself represents an extraordinary circumstance warranting equitable tolling.

Furthermore, for the reasons explained in the Order to Show Cause, Petitioner is not entitled to equitable tolling. Petitioner has failed to show her diligence in pursuing her rights. As this Court explained, Petitioner has provided no facts showing she diligently sought to protect her rights, she has provided no details explaining any actions she took to ensure the timely filing of her petition, nor any actions she took to confirm the status of her PCR appeal while it remained pending or in the months after it was denied. Instead, Petitioner confirms she was completely unaware of the status of her PCR certification petition until this Court entered the Order to Show Cause more than a year after the denial of certification. (*See* ECF No. 5 at 10.) Given these facts, Petitioner has failed to establish she acted with reasonable diligence to ensure the timely filing of her Petition, and she is therefore not entitled to equitable tolling. Petitioner's Petition is therefore time barred and **DISMISSED WITH PREJUDICE**.

IV. **CERTIFICATE OF APPEALABILITY**

Pursuant to 28 U.S.C. §2253(c), a petitioner may not appeal from a final order in a habeas proceeding where that petitioner's detention arises out of his state court conviction unless he has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the

district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). For the reasons expressed above, jurists of reason could not disagree that Petitioner's Petition is time birred and that she failed to establish a basis for tolling. Therefore, no certificate of appealability shall issue.

V. CONCLUSION

For the reasons stated above, Petitioner's Petition (ECF No. 1) is **DISMISSED WITH PREJUDICE** and Petitioner is **DENIED** a certificate of appealability. An appropriate order will follow.

**DATE:** May 11, 2018              */s/ Brian R. Martinotti*
                                    **HON. BRIAN R. MARTINOTTI**
                                    **UNITED STATES DISTRICT JUDGE**